# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| MIREL LEVERTOV, individually as Parent and Natural Guardian of S▇▇▇ L▇▇▇, a minor | )<br>)<br>) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| STATEN ISLAND UNIVERSITY HOSPITAL; NORTHWELL HEALTH; MIRIAM TOAFF, M.D.; JACQUELINE GUTTERMAN, M.D.; TALIA KAMDJOU, M.D.; and JOHN/JANE DOES 1–10, | )<br>)<br>)<br>)<br>) |
| *Defendant(s)* | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

Plaintiffs MIREL LEVERTOV, individually and as Parent and Natural Guardian of her minor son S▇▇▇ L▇▇▇, by and through their undersigned attorneys, bring this action against the above-named Defendants to recover damages for the negligent, careless, and reckless medical care rendered to Plaintiff Mirel Levertov during her pregnancy, labor, and delivery, which resulted in the birth of infant Shmuel Levertov in a critically compromised condition and caused him to suffer permanent and catastrophic neurological injuries.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity

of citizenship. Plaintiffs are citizens of the Commonwealth of Pennsylvania. All Defendants are citizens of the State of New York.

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to this action occurred in Richmond County, New York.

3. This action is governed by the substantive law of the State of New York, where all acts and omissions complained of occurred.

## THE PARTIES

4. Upon information and belief, that at all times hereinafter mentioned, Plaintiff MIREL LEVERTOV is a citizen of the Commonwealth of Pennsylvania, residing at 7545 Greenhill Road, Philadelphia, PA 19151. She brings this action individually and as Parent and Natural Guardian of infant Plaintiff Shmuel Levertov.

5. Upon information and belief, that at all times hereinafter mentioned, Plaintiff S█████ L█████████ is a minor child born October 7, 2023, residing with his mother in the Commonwealth of Pennsylvania.

6. Upon information and belief, that at all times hereinafter mentioned, Defendant STATEN ISLAND UNIVERSITY HOSPITAL is a hospital licensed and operating in the State of New York, Richmond County.

7. Upon information and belief, that at all times hereinafter mentioned, the Defendant STATEN ISLAND UNIVERSITY HOSPITAL held itself out as being duly competent and qualified to render medical care, attention and treatment to the general public and for such purpose hired various physicians, nurses, technicians and other personnel.

8. Upon information and belief, that at all times hereinafter mentioned, the Defendant STATEN ISLAND UNIVERSITY HOSPITAL, is a member entity of Northwell Health.

9. Upon information and belief, that at all times hereinafter mentioned, Defendant STATEN ISLAND UNIVERSITY HOSPITAL, provided obstetrical care to Plaintiffs from October 6, 2023 through October 13, 2023.

10. Upon information and belief, that at all times hereinafter mentioned Defendant NORTHWELL HEALTH is a health care system organized and existing under the laws of the State of New York.

11. Upon information and belief, that at all times hereinafter mentioned Defendant NORTHWELL HEALTH owns Staten Island University Hospital.

12. Upon information and belief, that at all times hereinafter mentioned Defendant NORTHWELL HEALTH operates Staten Island University Hospital.

13. Upon information and belief, that at all times hereinafter mentioned Defendant NORTHWELL HEALTH manages Staten Island University Hospital.

14. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. is a physician licensed in the State of New York.

15. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. specialized in the field of Obstetrics and Gynecology and held herself out as being duly competent and qualified to render medical and Obstetrics and Gynecological care, attention and treatment to the general public.

16. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. is a board-certified physician in the field of Obstetrics and Gynecology.

17. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. was an employee of Staten Island University Hospital.

18. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. was an employee of Northwell Health.

19. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. was an agent of Staten Island University Hospital.

20. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. was an agent of Northwell Health

21. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. was an independent contractor of Staten Island University Hospital

22. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D. was an independent contractor of Northwell Health

23. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D., participated in the evaluation and management of Plaintiff Mirel Levertov upon her admission to Staten Island University Hospital on October 6, 2023.

24. Upon information and belief, that at all times hereinafter mentioned, Defendant MIRIAM TOAFF, M.D., had actual prior knowledge of Plaintiff's condition, having previously been involved in Plaintiff's care and having been made aware of Plaintiff's report of fluid leakage on October 4, 2023, when Plaintiff was directed not to present to the hospital.

25. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D. is a physician licensed in the State of New York.

26. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D. specialized in the field of Obstetrics and Gynecology and held herself out as being duly competent and qualified to render medical and Obstetrics and Gynecological care, attention and treatment to the general public.

27. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D. is a board-certified physician in the field of Obstetrics and Gynecology.

28. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D. was an employee of Staten Island University Hospital.

29. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D. was an employee Northwell Health.

30. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D. was an agent, of Staten Island University Hospital.

31. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D., was an agent, Northwell Health.

32. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D. was independent contractor of Staten Island University Hospital.

33. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D., was independent contractor Northwell Health.

34. Upon information and belief, that at all times hereinafter mentioned, Defendant JACQUELINE GUTTERMAN, M.D., served as the attending obstetrician responsible for Plaintiff's intrapartum care and as primary surgeon for the emergency Cesarean section performed on October 7, 2023.

35. Upon information and belief, that at all times hereinafter mentioned, Defendant TALIA KAMDJOU, M.D. is a physician licensed in the State of New York.

36. Upon information and belief, that at all times hereinafter mentioned, Defendant TALIA KAMDJOU, M.D. specialized in the field of Obstetrics and Gynecology and held herself out

as being duly competent and qualified to render medical and Obstetrics and Gynecological care, attention and treatment to the general public.

37. Upon information and belief, that at all times hereinafter mentioned, Defendant TALIA KAMDJOU, M.D. is a board-certified physician in the field of Obstetrics and Gynecology.

38. Upon information and belief, that at all times hereinafter mentioned, Defendant TALIA KAMDJOU, M.D. was an employee, of Staten Island University Hospital.

39. Defendant TALIA KAMDJOU, M.D. is a physician licensed in the State of New York who, at all relevant times, was an employee Northwell Health.

40. Defendant TALIA KAMDJOU, M.D. is a physician licensed in the State of New York who, at all relevant times, was an agent of Staten Island University Hospital.

41. Defendant TALIA KAMDJOU, M.D. is a physician licensed in the State of New York who, at all relevant times, was an agent of Northwell Health.

42. Defendant TALIA KAMDJOU, M.D. is a physician licensed in the State of New York who, at all relevant times, was an independent contractor of Staten Island University Hospital.

43. Defendant TALIA KAMDJOU, M.D. is a physician licensed in the State of New York who, at all relevant times, was independent contractor of Northwell Health.

44. Defendant TALIA KAMDJOU, M.D., is a physician licensed in the State of New York who, at all relevant times, served as co-surgeon during the emergency Cesarean section performed on October 7, 2023.

45. Defendants JOHN/JANE DOES 1–10 are presently unknown individuals and/or entities, including but not limited to physicians, nurses, physician assistants, and other healthcare providers who participated in the care and treatment of Plaintiffs at Staten Island University Hospital, whose identities and roles will be ascertained through discovery.

# FACTUAL ALLEGATION

46. Plaintiff Mirel Levertov was a pregnant patient whose pregnancy was conceived through in vitro fertilization (IVF). She presented for prenatal care at Premium Health Center and Premium Health Center, P.C. throughout her pregnancy.

47. On or about October 4, 2023, Plaintiff Mirel Levertov experienced spontaneous rupture of membranes at approximately 1700 hours. She reported her symptoms and was advised not to present to the hospital. She did not receive any hospital evaluation or treatment on October 4, 2023.

48. On October 6, 2023, Plaintiff Mirel Levertov presented to the Emergency Department at Staten Island University Hospital, reporting leakage of fluid since October 4, 2023. Rupture of membranes was confirmed by positive Nitrazine and ferning tests. She was admitted to Labor and Delivery at forty (40) weeks and one (1) day gestation. Pitocin was administered for labor augmentation. A plan for normal spontaneous vaginal delivery was made.

49. During the course of her admission on October 6, 2023 and October 7, 2023, Plaintiff Mirel Levertov experienced fetal heart rate abnormalities, including decelerations and Category II fetal heart rate tracings with variable and late decelerations. Labor progressed with increasing obstetrical complications.

50. On October 7, 2023, after a prolonged and complicated second stage of labor, Plaintiff Mirel Levertov underwent an emergency Cesarean section performed by Defendants Jacqueline Gutterman, M.D. and Talia Kamdjou, M.D. Infant S▇▇▇ L▇▇▇ was delivered with APGAR scores of one (1) at one minute, three (3) at five minutes, and four (4) at ten minutes. He required emergent resuscitation and was admitted to the Neonatal Intensive Care Unit.

51. Infant S▮▮▮▮▮▮ L▮▮▮▮▮▮▮ was diagnosed with hypoxic-ischemic encephalopathy, seizures, neonatal hypertonia, acute respiratory distress, and feeding difficulties. Subsequent placental pathology confirmed severe acute chorioamnionitis with acute funisitis. He was discharged from the NICU on October 13, 2023, and continues to suffer permanent neurological injuries.

## FIRST CAUSE OF ACTION

**Medical Malpractice — Against Staten Island University Hospital, Northwell Health, Miriam Toaff, M.D., Jacqueline Gutterman, M.D., Talia Kamdjou, M.D., and John/Jane Does 1–10**

52. Plaintiff(s) repeat and reallege each preceding paragraphs as if fully set forth herein.

53. At all relevant times, Defendants Staten Island University Hospital, Northwell Health, Miriam Toaff, M.D., Jacqueline Gutterman, M.D., Talia Kamdjou, M.D., and John/Jane Does 1–10 (herein "First Cause of Action Defendants") undertook to provide medical and hospital care to Plaintiff Mirel Levertov and infant Shmuel Levertov and owed them a duty to exercise that degree of care, skill, and treatment expected of reasonably competent obstetrical providers and hospital staff under the same or similar circumstances.

54. First Cause of Action Defendants were negligent and departed from the good and accepted standard of care in their evaluation, assessment, monitoring, and management of Plaintiff Mirel Levertov and infant S▮▮▮▮▮▮ L▮▮▮▮▮▮▮ during the admission, labor, and delivery of October 6 and 7, 2023, including but not limited their failure to take a proper history, their failure to timely administer IV antibiotics, their failure to properly manage and respond to abnormal fetal heart rate tracings, their failure to timely perform an emergency Cesarean section, and their failure to otherwise properly manage Plaintiff's labor and delivery. Defendant Miriam Toaff, M.D. is further charged with negligence in that she had actual prior knowledge of Plaintiff's condition on October 4, 2023 — having been made aware of Plaintiff's report of fluid leakage following a membrane sweep and having directed Plaintiff not to present to the hospital — and

that when she encountered Plaintiff again at Staten Island University Hospital on October 6, 2023, she possessed actual knowledge of the prolonged rupture of membranes, the failed triage, and the accumulating infectious risk, yet failed to act appropriately upon that knowledge in her management of Plaintiff's care.

55. As a direct and proximate result of the foregoing negligence and malpractice, Plaintiffs sustained serious and permanent injuries and damages.

56. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**Medical Malpractice — Failure to Diagnose, Prevent, and Treat Chorioamnionitis and Early-Onset Neonatal Sepsis — Against Staten Island University Hospital, Northwell Health, and the Staten Island University Hospital Physician Defendants**

57. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

58. At all relevant times, Staten Island University Hospital, Northwell Health, and the Staten Island University Hospital Physician (herein "Second Cause of Action Defendants") owed Plaintiffs a duty to timely recognize, prevent, and treat chorioamnionitis and early-onset neonatal sepsis arising from prolonged rupture of membranes.

59. Second Cause of Action Defendants were negligent and departed from the accepted standard of care in their failure to diagnose, prevent, and treat chorioamnionitis and early-onset neonatal sepsis, including but not limited to their failure to timely administer IV antibiotics appropriate to Plaintiff's clinical presentation upon and following her admission on October 6, 2023.

60. As a direct and proximate result of the foregoing negligence, infant S███ L█████ suffered serious and permanent injuries and damages, including those confirmed by placental pathology revealing severe acute chorioamnionitis and acute funisitis.

61. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**Negligent Hiring, Credentialing, Training, and Supervision — Against Staten Island University Hospital and Northwell Health**

62. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

63. At all relevant times, Defendants Staten Island University Hospital and Northwell Health owed a duty to exercise reasonable care in the hiring, credentialing, training, and supervision of all physicians, nurses, physician assistants, and other healthcare personnel employed or granted privileges within their facilities.

64. Defendants Staten Island University Hospital and Northwell Health were negligent in the hiring, credentialing, training, and supervision of the individual Defendants herein, and in the establishment and enforcement of adequate clinical policies and protocols governing the care rendered to Plaintiffs.

65. As a direct and proximate result of the foregoing negligence, Plaintiffs sustained serious and permanent injuries and damages.

66. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

**Corporate Negligence — Against Staten Island University Hospital and Northwell Health**

67. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

68. At all relevant times, Defendants Staten Island University Hospital and Northwell Health, as institutional healthcare providers, owed independent, non-delegable duties directly to Plaintiffs to maintain safe and adequate facilities and staffing, adopt and enforce adequate clinical

policies and protocols, ensure only competent and qualified personnel were appointed to their medical staffs, and provide adequate oversight of the care rendered within their facilities.

69. Defendants Staten Island University Hospital and Northwell Health were negligent and breached their duties in the discharge of their corporate duties and failed to maintain the requisite standards of institutional care owed to Plaintiffs.

70. As a direct and proximate result of the foregoing corporate negligence, Plaintiffs sustained serious and permanent injuries and damages.

71. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

**Vicarious Liability / Respondeat Superior — Against Staten Island University Hospital and Northwell Health**

72. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

73. At all relevant times, the individual physician, nursing, and licensed Defendants were employees, agents, and/or apparent agents of Defendants Staten Island University Hospital and Northwell Health, acting within the scope of their employment and/or agency.

74. Defendants Staten Island University Hospital and Northwell Health are vicariously liable for the negligent acts and omissions of their employees, agents, and apparent agents under the doctrine of respondeat superior and/or apparent agency.

75. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**Lack of Informed Consent — Against All Defendants**

76. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

77. Defendants failed to adequately inform Plaintiff Mirel Levertov of the material risks, benefits, and alternatives associated with the care and treatment recommended and rendered to her and infant S███ L███.

78. A reasonably prudent patient in Plaintiff's position, if adequately informed, would not have consented to the course of care recommended and rendered by the Defendants.

79. As a direct and proximate result of Defendants' failure to obtain informed consent, Plaintiffs sustained serious and permanent injuries and damages.

80. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION

**Negligent Infliction of Emotional Distress — On Behalf of Plaintiff Mirel Levertov**

81. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

82. As a direct and proximate result of the Defendants' negligence, Plaintiff Mirel Levertov was caused to suffer severe physical and emotional injuries arising from the mismanagement of her labor and delivery and was caused to observe the critically compromised condition of her newborn son at birth and his continuing permanent neurological disability.

83. By reason of the foregoing, Plaintiff Mirel Levertov has been damaged in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION

**Breach of Duty Regarding Medical Records and Spoliation of Evidence — Against All Defendants**

84. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

85. At all relevant times, Defendants had a duty to create, maintain, and preserve complete and accurate medical records documenting the care and treatment rendered to Plaintiffs, including

all prenatal records, telephone triage records, labor and delivery records, electronic fetal monitoring strips, medication administration records, operative records, and neonatal records.

86. Upon information and belief, Defendants have failed to preserve, or have altered, destroyed, or failed to produce, certain medical records material to this action, in violation of their duty to preserve records and in violation of applicable New York State law, including 10 N.Y.C.R.R. § 405.10 and New York Public Health Law § 2803.

87. Plaintiffs are entitled to an adverse inference at trial that any missing, destroyed, or altered records would have contained information unfavorable to Defendants and supportive of Plaintiffs' claims.

88. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

**Loss of Services and Consortium — On Behalf of Plaintiff Mirel Levertov**

89. Plaintiffs repeat and reallege each preceding paragraphs as if fully set forth herein.

90. As a direct and proximate result of the injuries sustained by infant S█████ L███████, Plaintiff Mirel Levertov has been and will continue to be deprived of the services, companionship, and society of her son.

91. By reason of the foregoing, Plaintiff Mirel Levertov has been damaged in an amount to be determined at trial.

## **DAMAGES**

92. As a direct and proximate result of the negligence of the Defendants, Plaintiffs have sustained the following damages:

**On Behalf of Infant Plaintiff S█████ L███████:**

(a) Severe, permanent, and catastrophic neurological injuries, including hypoxic-ischemic encephalopathy, seizures, neonatal hypertonia, and all sequelae thereof;

(b) Past and future pain, suffering, and mental anguish;

(c) Past and future loss of enjoyment of life;

(d) Past and future medical, rehabilitative, therapeutic, and custodial expenses;

(e) Past and future educational expenses, including special education and related services;

(f) Loss of future earning capacity; and

(g) Such other and further damages as shall be proven at trial.

**On Behalf of Plaintiff Mirel Levertov, Individually:**

(a) Physical injuries arising from the negligently managed labor and emergency Cesarean section;

(b) Past and future pain and suffering;

(c) Severe emotional distress, psychological trauma, and post-traumatic stress disorder;

(d) Past and future costs of psychiatric and psychological treatment;

(e) Loss of earnings and impairment of earning capacity;

(f) Extraordinary expenses incurred and to be incurred in the care of infant Shmuel Levertov;

(g) Loss of consortium, services, and companionship of her son; and

(h) Such other and further damages as shall be proven at trial.

## DEMAND FOR JURY TRIAL

93. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MIREL LEVERTOV, individually and as Parent and Natural Guardian of S████ L████, demand judgment against Defendants, jointly and severally, as follows:

(a) Compensatory damages for infant Plaintiff S████ L████ in an amount to be determined by a jury at trial;

(b) Compensatory damages for Plaintiff Mirel Levertov in an amount to be determined by a jury at trial;

(c) An adverse inference and such sanctions as the Court deem appropriate for spoliation of evidence;

(d) Pre-judgment and post-judgment interest as permitted by law;

(e) The costs and disbursements of this action; and

(f) Such other and further relief as this Court deems just and proper.

Dated: March 11, 2026

Respectfully submitted,

By: *Marc E. Bengualid*
    Marc E. Bengualid (bar # 2360907)
    Law Offices of Marc E. Bengualid, PLLC
    330 West 38th Street, suite 305
    New York, NY 10018
    Tel: 212-360-5516
    Fax: 212-427-7484
    Email: marc@bengualidlaw.com
    Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March 2026, a true and correct copy of the foregoing Complaint was filed with the Clerk of the Court using the CM/ECF system and served upon all counsel of record via the Court's electronic filing system.

*Marc E. Bengualid*
Marc E. Bengualid